IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMANDA JEAN WRIGHT                                                                         PLAINTIFF

NO. 1:20CV00076-JMV

ANDREW SAUL
*Commissioner of Social Security*                                                          DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding applications for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, is ready to rule.

### Discussion

Plaintiff presents a single issue for review: Does substantial evidence support the administrative law judge's (ALJ's) step five decision that Plaintiff could adjust to other work existing in significant numbers in the national economy? The Commissioner responds that Plaintiff's claim lacks merit because it is entirely focused on conflicts between vocational testimony and the job descriptions in the *Dictionary of Occupational Titles* (DOT), which the

ALJ resolved at the administrative hearing, and the ALJ complied with the requirements of the relevant regulations and rulings by relying on vocational testimony based in part on the vocational expert's (VE's) professional experience.

The Court reviews the Commissioner's decision for substantial evidence and "looks to [the] existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Plaintiff's main contention here is the Commissioner's decision is not supported by substantial evidence because the VE's testimony was in conflict with the DOT and/or the RFC assessed by the ALJ. Because I find substantial evidence in the record to support the ALJ's decision, the Court will affirm the Commissioner's decision.

Plaintiff applied for disability insurance benefits, claiming she could no longer work because of a variety of physical and mental ailments. An ALJ evaluated Plaintiff's application under the five-step sequential evaluation process that the Social Security Administration ("SSA") uses to determine whether an individual is disabled. *See Schofield v. Saul*, 950 F.3d 315, 317-18 (5th Cir. 2020). "There is no material dispute in this case with regard to the first four steps," so the Court's discussion will be confined to the fifth. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). And at the fifth step, the ALJ considered Plaintiff's "residual functional capacity and . . . age, education, and work experience to see if" she could "make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). The ALJ concluded, with the assistance of the VE, that Plaintiff could perform three representative jobs existing in significant numbers in the national economy. Accordingly, the ALJ found Plaintiff not disabled and denied her applications.

Plaintiff argues, specifically, as follows with respect to the three jobs identified by the VE:

**Hand Packager**

The VE identified the first job as "hand packager" with DOT # 920.687-030. However, Plaintiff contends that "hand packager" is listed in the DOT as follows: "920.587-018 PACKAGER, HAND . . . Any Industry . . . Alternate Titles: Hand Packager." *See* DOT Titles # 920.587-018. According to Plaintiff, the position of "hand packager" is a medium position with an SVP of 2, which conflicts with the sedentary RFC assessed by the ALJ. *See id.* The DOT listing that corresponds with the DOT number given by the VE, DOT # 920.687-030, is actually that of a "hand bander" or "920.687-030 BANDER, HAND . . . Tobacco Industry . . . Alternate Titles: Cigar bander, Hand," with the job description of: "[w]raps trademark band around cigars . . . ." Plaintiff argues that if the VE did indeed mean to name the sedentary unskilled position of "hand bander," the requirements of the position listed in the DOT conflict with the VE's testimony and the RFC assessed by the ALJ because the "hand bander" position requires "constant" reaching, rather than the "frequent" reaching restriction of the claimant's assessed RFC.

**Grader / Sorter, Nonagricultural**

The VE identified this position as DOT # 734.687-082 and as a sedentary, unskilled position with 8,000 jobs existing in the national economy. The VE testified it was an unskilled position consistent with the ALJ's assessed RFC of a worker limited to performing simple, routine tasks and as having an SVP of 2. Plaintiff points out that the DOT listing for "734.687-082 SORTER . . . Button and Miscellaneous Notions Industry" states that the position has an

3

SVP of 3, not 2 as per the VE's testimony. Plaintiff contends the "grader / sorter" position's SVP of 3 renders it a "semi-skilled" position rather than an "unskilled" position as the VE testified.

**Production Monitor**

Plaintiff submits the position of "production monitor" identified by the VE does not exist in the DOT, which actually lists DOT # 739.687-182 as: "739.687-182 TABLE WORKER . . . Alternate Titles: Spotter," which is a sedentary position with an SVP of 2. The "table worker" position has a job description of "[e]xamines squares (tiles) of felt-based linoleum material passing along on conveyor and replaces missing and substandard tiles." *See* DOT # 739.687-182. The VE testified during the hearing that the occupation of "production monitor" exists in numbers of 136,000 in the national economy, and the ALJ recited this testimony in his decision. Plaintiff characterizes the "production monitor" position as "non-existent" and argues that even if the VE meant to reference the "table worker position," testimony from numerous vocational experts across the nation that only approximately 2,900 to 3,000 such jobs exist in the national economy conflicts with the figure given by the VE in this matter.

To begin, Plaintiff has failed to convince the Court there is any reason to discuss jobs other than those specifically linked to the DOT numbers given by the VE and recited in the ALJ's opinion, notwithstanding any confusion with regard to the job titles. As such, having duly considered the record before the Court, the undersigned finds that though apparent, unresolved conflicts exist with respect to the first two jobs identified by the VE, there remained a sufficient number of jobs in the national economy the claimant could perform as relates to the third job, and Plaintiff failed to meet her burden to show she could not perform this job.

"When vocational evidence provided by [an expert] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the . . . evidence to support

4

a determination or decision that the individual is or is not disabled." SSR 00–4p, 2000 WL 1898704 at * 4 (SSA Dec. 4, 2000). Furthermore, in *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000), the Fifth Circuit pointed out:

> Certainly, a vocational expert's erroneous characterization of the exertional level or skills required to perform a particular job calls into question both the probative value and reliability of the expert's testimony. Likewise, an explained discrepancy between the ALJ's determination of the claimant's residual functional capacity and the vocational expert's testimony that the claimant can perform certain identified jobs with inconsistent skill requirements may require remand for further exploration.

*Carey*, 230 F.3d at 147. Ultimately, if the conflict is resolved in favor of the VE, the ALJ must articulate a "plausible reason" for accepting testimony that conflicts with the DOT so that the hearing decision is susceptible to meaningful judicial review. *Augustine v. Barnhart*, No. 1-00-CV-749, 2002 WL 31098512, at *10 (E.D. Tex. Aug. 27, 2002); *see also* SSR 00–4p (providing examples of reasonable explanations for disregarding DOT).

In this case, the ALJ failed to articulate any reason for disregarding the DOT's reaching and handling requirements ("constant") for the hand packager job. And the VE's testimony that the sorter job had an SVP of 2 conflicted with the DOT's description which listed the job at SVP 3. These were apparent conflicts which are distinguishable from the conflicts identified in the authorities relied upon by the Commissioner. *See Carey*, 230 F.3d at 143-144, n.2. Furthermore, contrary to Defendant's argument, the VE's testimony does not contain specific explanations for the conflicts identified in this case. *Cf. Carey* at 146 (pointing out the tangential conflict in that case was "greatly mitigated by the vocational expert's specific testimony that Carey could perform the identified jobs with only one arm and hand). *See also Dukes v. Colvin*, 2015 WL 1442988, at *4 (N.D. Tex. March 31, 2015) ("Although the ALJ found that the VE's

5

testimony was consistent with the DOT . . . nothing in the record explains how these jobs can be performed by someone who is limited to only occasional reaching. Nor is there anything to suggest that either the VE or the ALJ was actually aware of the conflict with the DOT requirements.").

As concerns the "production monitor" job, the Commissioner's brief does not specifically address Plaintiff's contention this specific job title is not found in the DOT. However, as stated above, Plaintiff has failed to persuade the Court it cannot rely on the DOT number given by the VE as opposed to the job title. Furthermore, cases cited in the Commissioner's brief and by his counsel during oral argument illustrate the "production monitor" title is used interchangeably with the "table worker" position.

Next, as relates to the jobs data testimony by the VE, the Court finds Plaintiff has likewise failed to establish error. In a fairly recent unpublished Fifth Circuit opinion, the Court found the claimant's challenge of an expert's testimony regarding the number of jobs available in the national economy without merit because the claimant did not question the VE about possible problems during the administrative hearing and because the plaintiff failed "to point to any data that conflicts with or undermines the expert's testimony." The Court went on to state, "We will not reverse when the vocational expert's testimony remains 'clear and unchallenged.'" *Dell v. Saul*, 807 Fed. App'x 385, 387 (5th Cir. 2020) (citing *Carey* at 147 and *Graves v. Colvin*, 837 F.3d 589, 593 (5th Cir. 2016).

In this case Plaintiff's counsel did not cross-examine the VE during the administrative hearing regarding the prevalence of the "production monitor" job in the national economy. Moreover, this Court finds Plaintiff's culling of testimony of other

VEs from unrelated cases hardly amounts to an adequate challenge to the VE's testimony in this case. Indeed, Plaintiff has made no attempt to apprise the Court of any facts or circumstances surrounding this extraneous testimony. Nor has Plaintiff presented any legal authority to support the propriety of this Court's accepting such a scant showing. Accordingly, because the VE's testimony that there were 136,000 jobs in the national economy the claimant could perform remains unchallenged, the ALJ's step five finding in this case is supported by substantial evidence.[1] Accordingly, the Commissioner's decision will be affirmed.

Signed this 5th day of May, 2021.

/s/Jane M. Virden
U.S. Magistrate Judge

---

[1] *See Lirley v. Barnhart*, 124 Fed. App'x 283, 284 (5th Cir. 2005) (VE's testimony that claimant could perform surveillance system monitor job and that 50,000 such jobs existed in the national economy deemed substantial evidence to support ALJ's step 5 determination).